**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Rodolfo Pena Estrada,

Petitioner,

v.

Eric Rokosky, *et al.*,

Respondents.

No. CV-26-04085-PHX-JJT (JZB)

**ORDER**

The Court has re-read the entire docket in this matter, up to and through Petitioner's Notice Re: Supplemental Authority (Doc. 28) filed October 8, 2026. It will order Respondents to file a Response to Petitioner's Amended Motion to Compel Respondents to Return Mr. Pena to the United States as a Sanction for Violating Court Orders (Doc. 27). That Response need not repeat previous arguments Respondents have made in briefing this matter, but may instead reference them through pin cites to the appropriate filings on the docket. For example, the Court is well familiar with Respondents' previously raised argument that a district court has no authority to enforce the circuit court's stay order. The Court takes no issue with that argument—unless the circuit court instructs this Court to institute proceedings to generate a record on circumstances surrounding the violation of the circuit court's stay order, the undersigned has no cause to pursue or address that violation.

As noted below, however, the circumstances surrounding how DHS came to violate the circuit court's stay, as well as other potential violations of law surrounding Petitioner's

procedural due process rights—such as how they came to occur, whether DHS had procedures in place to safeguard against such violations and if so, whether they were followed—is relevant to the potential sanction issue properly before this Court regarding violation of the Court's General Order 26-09, in that such information might be relevant to the presence of willful or reckless conduct and other factors bearing on Respondents' state of mind. Thus, Respondents' Response also shall provide complete answers, with supporting documentation where necessary, to the following questions:

1) How was Mexico chosen as the country to which Petitioner—a Cuban whose Order of Removal specified the country of removal as Cuba—would be removed? By whom? When? Was (were) the decision-maker(s) aware of the order of removal's designated country of removal being Cuba? And was Petitioner notified of that decision (removal to Mexico, rather than Cuba) and given a meaningful opportunity to contest it prior to his removal from the United States to Mexico on June 15, 2026?

2) How was Petitioner's removal accomplished—by flight, bus, or otherwise? What coordination occurred between United States and Mexican immigration officials to facilitate that removal? What is the agreement between Mexico and the United States by which Mexico accepted Petitioner and other persons not their own citizens or nationals that were removed from the United States, to include terms of that acceptance?

3) What process do Respondents employ to check whether a removal is judicially stayed by a circuit court pending a petition for appellate review of an Office of Immigration Litigation ("OIL") decision? Did that process occur here, and, if not, describe in detail (including names/titles and dates) where the breakdown occurred?

4) What process do Respondents employ to check whether a removal is judicially stayed by a district court's General Order or other specific order pending a habeas or mandamus proceeding? Did that process occur here, and, if not, describe in detail (including names/titles and dates) where the breakdown occurred?

5) What is the process for seeking adjustment of status under the Cuban Adjustment Act? What status can be granted through that Act, and what does that status provide? Can

relief under that act be pursued from outside the United States? Can Petitioner meaningfully seek such relief while outside the United States? If an alien has initiated process to reopen his matter seeking adjustment under the Cuban Adjustment Act, does pendency of such proceedings render any previous removal order non-final for purposes of execution? If so, what process do Respondents employ to check whether a removal is administratively stayed for purposes of resolving such proceeding? Did that process occur here, and, if not, describe in detail (including names/titles and dates) where the breakdown occurred?

6) Without divulging any privileged information, how do Respondents and their local counsel at the USAO communicate? When, how, and by whom were Respondents informed of GO 26-09, both generally and in this case specifically? Detail same for communication/coordination between local counsel at the USAO and OIL, both generally and in this case specifically. Identify any other officials/attorneys with whom Respondents and their counsel have communicated regarding this case, and when those communications occurred.

7) What efforts have Respondents made since July 6, 2026 to effectuate Petitioner's return to the United States? In addition to detailing those efforts, provide names of all immigration or other officials involved in those efforts.

**IT IS ORDERED** directing Respondents to file the above specified Response not later than **October 23, 2026**. There shall be no Reply unless the Court so orders.

Dated this 13th day of October, 2026.

Honorable John J. Tuchi
United States District Judge